THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY
v. SAMUEL DONELSON.

RAILROAD —*Right-of-Way*—*Drainage*—*Damages*—*Incompetent Witness.* In a condemnation proceeding for a right-of-way of a railroad, it was claimed that the construction of the road interfered with the natural drainage of the land not taken; that the ditches would not carry off the water, and a portion of the land would be overflowed and injured. A witness who was acquainted with the land and had seen the road and ditches since they were made, but who had not measured the capacity of the ditches, and had not seen an overflow of the land, and where, in fact, there had been none since the construction of the road, was asked, and allowed to answer, what proportion of the plaintiff's land was subject to overflow from the ditches. *Held,* That as the witness was not a surveyor or civil engineer, and had no special skill that would enable him to take levels or make calculations as to the quantity of water which would accumulate and could be discharged through the ditches, or to make measurements and calculations as to the extent of land that would be affected if there was an overflow of the ditches, was not competent to give an opinion upon the subject, and that his testimony should have been excluded.

*Error from Chautauqua District Court.*

THE opinion states the case.    Judgment for plaintiff *Donelson,* on December 10, 1887.    The *Railroad Company* brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*J. D. McBrian & Son,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal by Samuel Donelson from an award made by commissioners appointed to condemn a right-of-way through an eighty-acre tract of land owned by Donelson in Chautauqua county. The extent of land taken was five and forty-eight one-hundredths acres, and the amount awarded by the commissioners was $320. The trial of the appeal in the district court resulted in an award of $1,095.85, as the aggregate amount of damages sustained by Donelson. In answer to special questions, the jury found that the value of the land taken was $274; that the damages to the land north of the right-of-way were $100, and to the land south of the right-of-way $150. They further found that the land south of the right-of-way is damaged by the probable overflow of ditches, allowing the water to spread over about thirty acres of land, and damaging it to the amount of $425. They also allowed $26 as damages for the overflow of surface-water from other lands. An item of damages was allowed for failing to construct a farm-crossing. And these items, together with the interest, make up the aggregate of the award.

It was claimed that the construction of the road through Donelson's land had interfered with the natural surface drainage of the land, and had diverted the course of the flowage of the water resulting from the rainfall on the hilly land near that of plaintiff in such a way as to cause damage to his land. A witness named Miller was interrogated by the plaintiff in regard to the damages resulting from the overflow. Over the objection of the railroad company, he was asked, and allowed to answer, what proportion of the plaintiff's land was subject to overflow from the ditches constructed by the railroad company. The objection urged was that the witness was incompetent to state the fact or give an

opinion upon the subject. The witness was not shown to be competent, and his testimony should not have been received. He was a farmer who had lived in the vicinity of the land for seventeen years, and had examined the plaintiff's land since the construction of the road. He had seen the ditches and embankments which he claimed would cause the overflow, but had not measured their depth, and did not know whether they extended through the plaintiff's land. At no time since the construction of the road had he seen an overflow of the land, or any injury which had resulted to it by reason of a freshet or overflow. He was, therefore, incompetent to testify to any fact from observation or knowledge, and could only give an opinion as an expert of the probable overflow which might occur in the future. It was not shown that he had any special skill which would enable him to give an opinion that would be valuable or admissible. It did not appear that he was a surveyor or civil engineer, or that he had ever taken any levels or made any calculations as to the quantity of water which would accumulate and could be discharged through the ditches, or any measurements or calculations of the extent of land that would be affected if there was an overflow of the ditches. In fact, it appears that he only gave an estimate of the width and depth of the ditches, and was unable to testify whether they extended entirely through the plaintiff's land. The question involved a calculation in engineering as to the extent of country drained into the ditches, the dimensions and capacity of the ditches to carry off the surface-water that might flow into them. The sloping character of the ground and the level of the ditches should be considered, to determine the rapidity of the flow and the capacity of the ditches to discharge the water. If the ditches were insufficient to carry off the water that would probably fall in that section of the country and upon the area that would run into the ditches, then the witness would have to determine the extent of the land that would be reached by an ordinary overflow; and the rapidity of such overflow would have much to do with the injury that would result therefrom.

A surveyor or civil engineer who had made a survey of the ditches, and had taken levels at various points upon the land liable to be overflowed, would have been a competent witness. But the witness was not skilled, and presented no claims entitling him to give an opinion as a scientific expert. As a farmer, he might give his opinion on matters ordinarily connected with farming, and his testimony was proper so far as it related to specific facts.

We find no testimony of an overflow from the ditches since the construction of the road, nor anything which satisfactorily shows the incapacity of the ditches to carry off the surface-water which would probably pass into the same. The jury made a liberal award for the anticipated damages from this cause, based largely upon incompetent testimony; and hence, the ground of error assigned must be sustained.

We find no objection to the instruction complained of; and there are no other matters upon which we deem it necessary to pass.

The judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.